## PARNELL v. STATE OF INDIANA.

[No. 0-700. Filed July 1, 1964. Second petition for rehearing dismissed August 26, 1964.]

*John Parnell, pro se.*

*Edwin K. Steers,* Attorney General and *David S. Wedding,* Deputy Attorney General, for respondent.

PER CURIAM.—Petitioner was convicted in the Bartholomew Circuit Court of murder and was sentenced to life imprisonment. There is no showing of a motion for new trial filed or appeal attempted at that time. Date of conviction was November 15, 1949.

On June 17, 1953, petitioner requested permission to file a belated motion for new trial which was overruled by the trial court on March 18, 1955.

After filing his notice of appeal and praecipe for transcript unsuccessfully in the trial court, petitioner filed a request for mandate from this court. The petition for writ of mandate was dismissed for want of jurisdiction on September 26, 1956.

Petitioner filed a petition for delayed appeal and a motion for appointment of counsel in this court on October 23, 1956, which was denied on June 12, 1957.

On September 26, 1963, the Circuit Court appointed G. Herbert Packwood as counsel to represent petitioner in a *coram nobis* proceeding.

Petitioner has also requested said G. Herbert Packwood, or the Public Defender, or another counsel appointed by the trial court, to file a writ of certiorari in this court to review the trial court's action of March 18, 1955, overruling his request for a belated motion for new trial.

On November 8, 1963, petitioner filed a "Petition for Extension of Time" requesting time in which to apply for a writ of certiorari under Rule 2-40A. This petition was denied on November 22, 1963, on the ground that there were no proceedings of any nature filed or pending in this court, and therefore no jurisdiction to grant an extension of time.

On December 12, 1963, petitioner filed a petition for rehearing alleging that he does not have adequate counsel for his certiorari proceeding, and further alleging that it was proper to ask for an extension of time to permit him to file a request for writ of certiorari and thereby have a proceeding to pend before the court.

The State of Indiana was ordered by Landis, C. J., to file a response to the petition for rehearing. This was done on April 20, 1964. Said answer alleged that the petitioner is merely requesting the court to redetermine the same matter as was decided by the order of November 22, 1963. Said answer further alleges that more than sixty days have elapsed since the ruling of which petitioner complains (March 18, 1955).

Petitioner's reply was filed on April 24, 1964, alleging that (1) he is not merely requesting a redetermination of the same matter, but that new facts have become available since November 22, 1963; and (2) his request for certiorari is timely filed because sixty days had not elapsed since the taking effect of Rule 2-40A.

The petition for rehearing contains no new matter, and although petitioner alleges new facts are available, he does not set forth any.

Petitioner also argues that his request for writ of certiorari was timely filed, but petitioner has never

filed such a request. All he has filed is a "Petition for Extension of Time," which was denied.

In so far as this court is concerned, the *coram nobis* proceeding is still pending, with Mr. Packwood acting as counsel for the petitioner. If the outcome of that proceeding is unfavorable to petitioner, he has the right to appeal the decision to this court.

Petition for rehearing denied.

NOTE.—Reported in 199 N. E. 2d 714.